IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADAM LEE MILES, #02329305** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  6:21-CV-00062** |
| | § | |
| **VAN ZANDT COUNTY JAIL, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Adam Lee Miles, an inmate at the Gist Unit of the Texas Department of Criminal Justice, proceeding *pro se* and *in forma pauperis*, filed the above captioned lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Dkt. #1). Pursuant to 28 U.S.C. § 1915A, the Court reviewed Plaintiff's pleadings and determined, for the reasons stated herein, that the allegations fail to state a claim upon which relief may be granted as they are barred by the relevant statute of limitations. 28 U.S.C. § 1915A(b). Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff originally filed this action on November 2, 2020, complaining about jail officials and medical staff at the Van Zandt County and Henderson County jails. (Dkt. #1). On February 9, 2021, the Texarkana Division of the Eastern District of Texas transferred this action to the Tyler Division. (Dkt. #6). Pursuant to a deficiency order issued by the Court (Dkt. #9), Plaintiff filed an amended complaint on March 17, 2021. (Dkt. #15).

In his amended complaint, Plaintiff alleges that he entered Van Zandt County Jail on or about November 2017. While in jail, he suffered problems with his blood pressure. The jail's doctor prescribed him medication for his blood pressure; however, he suffered a negative reaction to the medication, and ultimately suffered a stroke. He alleges that he was placed in an isolation cell and did not receive medical treatment: (1) after the negative reaction to the medication surfaced, (2) to prevent the stroke, (3) after it was determined that Plaintiff was having a stroke, and (4) after the stroke for rehabilitation or therapy. At some point, Plaintiff was transferred to the Henderson County Jail where he did not receive any treatment for his condition or disabilities. Plaintiff requests monetary damages for his pain and suffering.

## LEGAL STANDARD

Under 28 U.S.C. § 1915A, district courts—as soon as practicable—must review complaints wherein prisoners seek redress from governmental entities or their employees. Upon such review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputable meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325–27 (1989). A complaint fails to state a claim upon which relief can be granted when it does not contain sufficient factual matters, accepted as true, to state a claim to relief which is plausible on its face. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

**DISCUSSION**

Plaintiff's original and amended complaints reflect that he suffered his medical issues on or about November 2017. Plaintiff's original complaint is signed and dated on October 26, 2020 (Dkt. #1 at 19)—three years after the events in question.

Statute of Limitations

There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period—but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for section 1983 actions is two years, as claims under section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is … two years."); *see also Wade v. City of Dallas*, 2018 WL 3966358 *1-2 (N.D. Tex. July 16, 2018) (citing and quoting *Helton*, 832 F.3d at 334). Plaintiff has been given the benefit of the prison mailbox rule as to the filing of his original complaint. In *Houston v. Lack,* 487 U.S. 266 (1988), the Supreme Court established the prison "mailbox rule" and held that a *pro se* prisoner's complaint is deemed to be filed on the date that the prisoner submits the pleading to prison authorities to be mailed. *Id.* at 276; *see also Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998) (per curiam) (holding that a *pro se* prisoner's § 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system).

The Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citation and quotations omitted); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331-32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual

is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'")

(quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

The equitable tolling principles of the forum state control in § 1983 cases. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Under Texas law, equitable tolling is a sparingly invoked doctrine, to be used only in cases where the plaintiff has excusable ignorance of the limitations period and has shown diligence in pursuing his rights. *Montgomery v. Hale*, 648 F.App'x 444, 2016 U.S. App. LEXIS 8949 (5th Cir., May 16, 2016), citing *Hand v. Stevens Transp. Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 293 (Tex.App.—Dallas 2002, no pet.); *see also Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 421 (5th Cir. 2013) (equitable tolling requires a showing that the litigant has been pursuing his rights diligently but some extraordinary circumstance stood in his way and prevented timely filing).

Here, Plaintiff indisputably knew of his claim on or about November 2017, when he was allegedly injured during the incident that forms the basis of his complaint. (Dkt. ##1, 15). Given the two-year statute of limitations for § 1983 actions under Texas law, Plaintiff needed to have filed his complaint by no later than November 2019 to have timely brought the claim within the statutory period. Plaintiff, however, did not file his complaint in federal court until October 26, 2020—nearly 3 years after the alleged incident. (*Id.*). Plaintiff does not dispute this timeline of events, or any facts related to the timing of the incident, his notice of the claim, or his filing of the instant action. Plaintiff did not set out any facts which would demonstrate that he is entitled to equitable tolling of the statute of limitations.

To the extent that Plaintiff would assert that his injuries from the stroke prevented him from timely filing his complaint, under Texas law, a physical limitation is not a basis to toll the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a) (defining legal disability

as a person younger than 18 or of unsound mind); *see Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755–56 (Tex. 1993) (describing legal disability based on unsound mind, none of which included physical impairment). For these reasons, the court finds that Plaintiff has failed to show any valid basis for equitable tolling of the statute of limitations, and the time to bring this cause of action therefore expired on or about November 2019.

Moreover, even if the court were to equitably toll the statute of limitations in this instance, Plaintiff has not shown why the statute of limitations should be tolled for the eleven months' time from when his claim accrued to the filing of this suit. However, Plaintiff's complaint is more than "a few months" late. As discussed, this complaint was filed on October 26, 2020, nearly three years after the incident, and over eleven months past the limitations period having run. Thus, Any response asserting that tolling should be applied here, based on the circumstances described, would not merit tolling of the additional eleven months needed to make Plaintiff's claim timely.

**CONCLUSION**

For the reasons stated above, the Court **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** as Plaintiff has failed to state a claim upon which relief can be granted. Within **14 days** after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th

Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 1st day of February, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE